IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ILATTA F. SATEPEAHTAW, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-14-940-D |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 21] issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B). In this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g), Judge Purcell recommends affirmance of a final decision of the Commissioner denying Plaintiff's applications for disability insurance and supplemental security income benefits. Plaintiff has filed a timely objection. Thus, the Court must make a *de novo* determination of the specific issues raised by Plaintiff's objection, and may accept, modify or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff does not disagree with Judge Purcell's summary of the administrative proceedings, the medical record, the Commissioner's decision, or the legal standards governing judicial review. Plaintiff has waived further review of these portions of the Report. *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Briefly stated, the administrative law judge ("ALJ") found in the sequential analysis as follows: Plaintiff has severe impairments of "[c]irrhosis of the liver, lupus/arthritis/auto immune disorder, vitamin D deficiency, hepatic encephalopathy, chronic pain syndrome, and diabetes mellitus" (R. 21); these impairments do not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1; Plaintiff has the residual functional capacity ("RFC") to perform less than a full range of light work, as further described in the ALJ's decision; Plaintiff is unable to perform any of her past relevant work; but there are other jobs existing in significant numbers in the national economy that Plaintiff could perform, taking into account her age, education, work experience, and RFC. The Appeals Council denied Plaintiff's request for review.

On appeal to this Court, Plaintiff presents the following arguments to justify reversal of the Commissioner's decision: 1) the ALJ did not properly evaluate the medical opinion of a treating physician, William K. Reid, M.D., and a consultative examiner, Jeffrey Ostrander, M.D.; 2) the ALJ failed to conduct a proper credibility assessment of Plaintiff's subjective complaints of disabling pain and sensory loss; and 2) the ALJ's step-five determination regarding other work was flawed because the ALJ relied on hearing testimony of a vocational expert who answered hypothetical questions that did not include the functional limitations suggested by Dr. Ostrander and Dr. Reid.

In his Report, Judge Purcell carefully addresses these issues in light of controlling legal authorities. He concludes Plaintiff's argument based on the treating physician rule

2

lacks merit because the ALJ adequately explained why Dr. Reid's opinion was assigned "little credibility" (R. 24) or little weight, and the ALJ considered the medical examination findings of Dr. Ostrander, who was not a treating physician and did not provide in his report an opinion regarding Plaintiff's functional limitations. In making a credibility assessment, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause pain and discomfort but Plaintiff's statements about the severity of her symptoms were not entirely credible for numerous reasons. Judge Purcell concludes the ALJ's analysis was unaffected by legal error and supported by substantial evidence in the record. Finally, Judge Purcell finds Plaintiff's challenge to the ALJ's step-five determination is based on her view that different RFC findings should have been made at step four and, for reasons explained in the Report, the challenge fails because "[t]he ALJ's RFC finding is well supported by the objective medical evidence in the record." *See* R&R [Doc. No. 21], p.14.

In her Objection, Plaintiff first disagrees with Judge Purcell's finding that the ALJ adequately complied with the treating physician rule by explaining the decision to give little weight to Dr. Reid's opinion. She contends the ALJ "failed to acknowledge the objective evidence that supports . . . the doctor's opinions." *See* Pl.'s Obj. [Doc. No. 22], p.2. Plaintiff then references, without any citation to the record, her "October 17, 2008, and November 2011 physical examinations that demonstrated tenderness to palpation and tremors in her hands and fingers." *Id*. The Court declines to comb the record to locate the medical evidence to which Plaintiff refers. *See SEC v. Thomas*, 965 F.2d 825, 827 (10th Cir. 1992)

3

(appellant must provide "essential references to the record to carry burden of proving error"). The first alleged examination predates the period of claimed disability, and the second concerns only a general time period when Plaintiff was treated by two physicians. It is thus unclear where in the lengthy administrative record to locate the referenced materials. Upon consideration of Plaintiff's properly presented arguments concerning Dr. Reid's opinion, the Court finds that the ALJ sufficiently complied with the treating physician rule and remand is not warranted. *See*, *e.g.*, *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (remand is necessary if there are no agency findings regarding weight assigned to treating physician's opinion and reasons for rejecting or discounting it).

As to Dr. Ostrander, Plaintiff quotes an isolated statement made by Judge Purcell in discussing the examiner's report, and characterizes the statement as "pure supposition on his part." *See* Pl.'s Obj. [Doc. No. 22], p.2. Plaintiff does not address Judge Purcell's point with regard to Dr. Ostrander, which is legally correct, that the treating physician rule on which Plaintiff relies in her opening brief does not apply to a consultative examiner. Nor does Plaintiff effectively challenge Judge Purcell's finding that the notation in Dr. Ostrander's report regarding Plaintiff's sensory loss does not reflect a medical opinion but recounts Plaintiff's description of her symptoms. "Medical opinions are statements from physicians . . . or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R.

4

§ 404.1527(a)(2). Dr. Ostrander's notation regarding sensory loss did not express his judgment about its nature or severity. Accordingly, the Court agrees with Judge Purcell that Plaintiff does not identify any statements of medical opinion by Dr. Ostrander that the ALJ failed to address.

As to the ALJ's credibility analysis, the Court finds upon *de novo* consideration of the issue that the ALJ sufficiently explained his assessment of Plaintiff's testimony regarding the intensity and limiting effects of her pain and sensory loss. The ALJ stated numerous reasons for finding Plaintiff's subjective complaints of disabling pain were not entirely credible. Plaintiff's argument that the ALJ's credibility determination is not supported by substantial evidence primarily rests on a perceived inconsistency Dr. Ostrander's report, discussed above. *See* Pl.'s Obj. [Doc. No. 22], pp. 2-3.[1] For the reasons ably explained by Judge Purcell, the Court finds that the ALJ sufficiently set forth the evidence on which he relied in evaluating Plaintiff's credibility. "[C]ommon sense, not technical perfection, is our guide." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012). The Court further finds that the ALJ did not misstate the record, as argued by Plaintiff.

Further, upon *de novo* consideration, the Court rejects Plaintiff's contention that the ALJ did not satisfy the agency's step-five burden to prove the existence of other work Plaintiff could perform because the hypothetical questions posed to the vocational expert did not include all of her impairments. This argument is based on a view of the medical evidence

---

[1] Plaintiff does not re-urge the argument in her opening brief that the ALJ improperly relied on her noncompliance with prescribed treatment. Therefore, further review of this argument is waived.

5

that was rejected by the ALJ and functional limitations that were not included in the RFC findings made by the ALJ. Because Plaintiff has not effectively challenged these RFC findings in this appeal, Plaintiff's step-five argument has a faulty premise and fails for lack of factual support.

Finally, Plaintiff's overarching objection is that the ALJ erred because the record contains substantial evidence to support a finding that she is disabled. As correctly stated by the Acting Commissioner, however, this is not the proper test.[2] Judicial review is limited to determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010); *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation omitted). Federal judges can "neither reweigh the evidence nor substitute our judgment for that of the agency." *Bowman*, 511 F.3d at 1272 (internal quotation omitted). As discussed above, Plaintiff has not demonstrated in this case that the ALJ's findings are unsupported by substantial evidence or that the ALJ applied an incorrect legal standard.

For these reasons, and because the Court cannot add significantly to Judge Purcell's discussion of the issues and the record evidence, the Court adopts the Report and Recommendation in its entirety as though fully set forth herein. The Court finds that the Commissioner's decision should be affirmed.

---

[2] The Acting Commissioner filed a response to Plaintiff's Objection, as authorized by Fed. R. Civ. P. 72(b)(2).

IT IS THEREFORE ORDERED that Judge Purcell's Report and Recommendation [Doc. No. 21] is ADOPTED. The Commissioner's decision is AFFIRMED. Judgment shall be entered accordingly.

IT IS SO ORDERED this 16th day of December, 2015.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE